**E-FILED on** 07/10/09

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WILFRED ROQUE<br><br>Plaintiff,<br><br>v.<br><br>SUNTRUST MORTGAGE, INC., GMAC MORTGAGE, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC,<br><br>Defendants. | No. C-09-00040 RMW<br><br>ORDER GRANTING MOTIONS TO DISMISS<br><br>[Re Docket Nos. 40, 45] |

Plaintiff Wilfred Roque ("Roque") originally filed this action in state court, and on January 7, 2009, defendant SunTrust Mortgage, Inc. ("SunTrust") removed on the basis of federal claims in the original complaint. On January 20, 2009, Roque filed an amended complaint eliminating the federal claims. Suntrust, GMAC Mortgage ("GMAC") and Mortgage Electronic Registration Systems, Inc. ("MERS") each moved to dismiss the amended complaint. The court granted the motions to dismiss on April 17, 2009, giving plaintiff twenty days leave to amend. Plaintiff filed a second amended complaint on May 7, 2009. Suntrust, GMAC, and MERS all move again to dismiss.

Roque no longer asserts any federal claims and states in his opposition to GMAC's motion to dismiss that he will seek remand. Because he has not yet done so, and because diversity jurisdiction may be available, the court will consider the merits of the motions to dismiss. And although Roque

ORDER GRANTING MOTIONS TO DISMISS—No. C-09-00040 RMW
JAS

filed his oppositions to the motions to dismiss a number of days after the deadline provided for by the Local Rules, the court will consider them.

## I. BACKGROUND

On August 2, 2006, Roque obtained a $505,000 loan from SunTrust to purchase the property at 2632 Baton Rouge Drive in San Jose, CA ("the Property"). Second Amended Complaint ¶ 1 ("SAC"). Beyond generalized allegations of wrongdoing, the SAC, like the first amended complaint, gives very little concrete detail as to what exactly Roque contends entitles him to relief.

According to the complaint, no attempt was made by SunTrust to verify Roque's income. SAC ¶ 16. If SunTrust had verified his income, Roque alleges, they would have realized that he would not have been able to make the mortgage payments. *Id.* Roque also alleges that the loan documents did not adequately disclose the terms of the loan, nor provide other disclosures required by law. *Id.* ¶¶ 14, 19. Roque states that he did not become aware of the true cost of the loan until closing and that the nature of his adjustable rate loan was not properly disclosed to him. *Id.* ¶ 23. Around July 18, 2008, a Notice of Default was recorded with the Santa Clara County Recorder's Office. *Id.* ¶ 24. On October 27, 2008, a Notice of Trustee's Sale was filed in the same office. The complaint states that the trustee's sale is scheduled to go forward in late May, 2009. *Id.*

Roque's second amended complaint brings suit for 1) a declaratory judgment that defendants do not have the right to foreclose on the property; 2) an accounting; 3) breach of the covenant of good faith and fair dealing; 4) violation of California Civil Code §§ 1920, 1921; 5) violation of California Civil Code § 1916.7;  6) Unfair Business Practices in violation of Cal. Bus. & Prof. Code § 17200; 7) injunctive relief.  GMAC and MERS have filed a motion to dismiss all claims.  SunTrust has also filed a separate motion to dismiss.

## II. ANALYSIS

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to state a claim upon which relief can be granted. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, --- U.S. ---, 2009 WL 1361536, *12 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* In deciding a motion to dismiss, the court must accept as true all factual allegations, but not legal conclusions, in the complaint. *Id.* at *13.

### A. Judicial Estoppel Arising out of Bankruptcy Proceeding

SunTrust argues that Roque should be estopped from bringing the claims in the SAC because he filed for Chapter 7 bankruptcy on February 26, 2009 and failed to disclose the present lawsuit as an asset of his bankruptcy estate. SunTrust's Mot. to Dismiss 5. The Ninth Circuit has held that judicial estoppel is appropriate in similar circumstances. In *Hamilton v. State Farm Fire and Casualty Co.*, 270 F.3d 778, 784 (9th Cir. 2001), the plaintiff failed to list insurance claims as an asset on his bamkruptcy schedules, and later sued his insurance company on the same claims. The court held that Hamilton "is precluded from pursuing claims about which he had knowledge, but did not disclose, during his bankruptcy proceedings, and that a discharge of the debt by a bankruptcy court, under these circumstances, is sufficient acceptance to provide a basis for judicial estoppel, even if the discharge is later vacated." *Id.*

Roque does not contest that he failed to include the present suit on his bankruptcy disclosure form, but contends that he was pro se in that action, and that this suit should not be dismissed on that basis.

*Hamilton* emphasizes that the standard for judicial estoppel is an equitable one, and that the criteria as set forth in that case do not "establish inflexible prerequisites or an exhaustive formula for determinating the applicability of judicial estoppel." *Id.* at 783. Furthermore, it appears that the bankruptcy court dismissed the case on June 2, 2009 because the debtor "failed to file timely obtained credit counseling certificates prior to filing for bankruptcy protection." *In re Roque*, Case No. 09-51277 RLE, Docket No. 22 (Bankr. N.D. Cal. 2009). The bankruptcy court does not appear to have relied on Roque's failed disclosure of the present suit, as Hamilton requires. *Hamilton*, 270 F.3d at 783. The court therefore will not exercise judicial estoppel in this instance.

### B. Is the Original Promissory Note Necessary to Foreclose?

Although the SAC removes any reference to the claim made in the first amended complaint that an original note is required to proceed with a non-judicial foreclosure, plaintiff brings the

ORDER GRANTING MOTIONS TO DISMISS—No. C-09-00040 RMW
JAS                                                                                                    3

argument up in the opposition. Opp. to Mot. to Dismiss 2. As GMAC points out in its motion to dismiss, the California Civil Code §§ 2924-2924i are intended to "occupy the field" of regulating the nonjudicial foreclosure of deeds of trusts. *I.E. Associates v. Safeco Title Ins. Co.*, 39 Cal.3d 281, 285 (1985). As the court wrote:

> [G]eneral and comprehensive legislation, where course of conduct, parties, things affected, limitations and exceptions are minutely described, indicates a legislative intent that the statute should totally supersede and replace the common law dealing with the subject matter. It is apparent that we are dealing with such a statutory scheme.
> The statutory provisions regulating the nonjudicial foreclosure of deeds of trust are contained in sections 2924-2924i. These provisions cover every aspect of exercise of the power of sale contained in a deed of trust.

*Id.*(internal citations omitted); *Moeller v. Lien*, 25 Cal.App.4th. 822, 834 (2d. Dist. 1994) ("The comprehensive statutory framework established to govern non-judicial foreclosure sales is intended to be exhaustive."). Given the breadth of sections 2924-2924i, the court finds that the provisions of the California Commercial Code offered by plaintiffs do not here apply. California Civil Code section 2924 provides that the "trustee, mortgagee, or beneficiary, or any of their authorized agents" may initiate the foreclosure process. Nothing in the statute requires an original note in order to foreclose. The statute thus does not require production of an original note in order to proceed with a non-judicial foreclosure. *See Putkkuri v. Recontrust Co.*, 2009 WL 32567, *2 (S.D.Cal. 2009) (rejecting a claim that the original note is required to proceed with a non-judicial foreclosure); *Candelo v. NDex West, LLC*, 2008 WL 5382259, *4 (E.D.Cal. 2008)(same).

### C. Declaratory Relief

Roque's first cause of action for declaratory relief seeks a declaration that defendants do not have a right to foreclose on the property. *Id.* ¶ 26. Plaintiff states that defendants lack the right to foreclose because plaintiff "has not breached the terms of the Deed of Trust, as Plaintiff reasonably believed that his debt was owed to a party other than the party who is trying to collect." *Id.* Plaintiff also states that "the terms of the Deed of Trust were breached by other parties to that instrument." *Id.* ¶ 28. Plaintiff does not articulate how his reasonable belief that he did not owe the debt to the collecting party deprives defendants of their right to foreclose. Nor does he state the provision of the Deed of Trust that was breached by "other parties" (or the identity of those parties). These allegations do not sufficiently set forth a basis for declaratory relief against any defendant.

ORDER GRANTING MOTIONS TO DISMISS—No. C-09-00040 RMW
JAS                                                                                              4

### D. Accounting

To state a claim for accounting, plaintiff must allege that a balance is due from some defendant and that the balance cannot be ascertained without an accounting. *See St. James Church Christ Holiness v. Superior Court*, 135 Cal.App.2d 352, 359 (1955). Here, Roque alleges that he "is owed moneys by SunTrust because he made payments to SunTrust that were then directed to third parties, including other named Defendants, and those moneys were obtained in breach of Plaintiffs's agreement with Suntrust." SAC ¶ 32. These allegations fail to establish that Roque is owed money; SunTrust merely having sent his payments to a third party creates no liability. And the complaint does not state what agreement (or what provision) between Roque and SunTrust was breached. But also, Roque's allegations seem to reflect that an accounting is unnecessary. If he contends that a particular set of payments that he made to SunTrust constitute the extent of what he is owed, then he should possess sufficient information to ascertain the amount of that debt. Roque's action for accounting thus fails to state a claim.

### F. California Statutory Violations

Roque's fourth and fifth causes of action allege violations of California Civil Code §§ 1920, 1920, 1916.7. SAC ¶¶ 42-49. As for sections 1920 and 1921, the complaint does not state what those sections require, nor what conduct of defendants constitutes a violation. The allegation that the statutes were violated is conclusory, and fails to satisfy Rule 8's requirement that the complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

The complaint does allege that Roque never received a required disclosure regarding the adjustable rate aspect of his loan. SAC ¶ 21. But as defendants point out, section 1916.7 applies only to mortgage loans made pursuant to it. Cal. Civ. Code § 1916.7(b). And the Deed of Trust includes an "Adjustable Rate Rider" that describes in detail the terms of the adjustable rate loan. GMAC's Request for Judicial Notice, Ex. A. Plaintiff must allege facts showing that 1916.7 applied to his loan. Without more, Roque's fourth and fifth claims must be dismissed.

### E. Unfair Business Practices

**United States District Court**
**For the Northern District of California**

ORDER GRANTING MOTIONS TO DISMISS—No. C-09-00040 RMW
JAS    5

1   Plaintiffs claim for unfair business is also inadequate. Roque alleges that Defendants used
2 "bait and switch tactics; making loans without providing borrowers with sufficient, accurate and
3 understandable information regarding the terms and conditions of the loan; and making loans
4 without providing borrowers with sufficient, accurate and understandable information regarding the
5 nature and extent of the financial risk being assumed by the borrowers." SAC ¶ 53. In order to state
6 a claim, Roque should allege the particular bait and switch tactics employed against him, or state the
7 information that he should have been provided with. Without more, this claim fails to give the
8 defendant the required "fair notice of what the claim is and the grounds upon which it rests." *See*
9 *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

### F.  Breach of the Covenant of Good Faith and Fair Dealing

The stated basis for Roque's claim for breach of the covenant of good faith and fair dealing is that SunTrust "breached the terms of the contract with Plaintiff by transferring the loan to a party that SunTrust knew would attempt to foreclose without providing Mr. Roque with the information needed for him to ascertain his obligations, if any, under the Deed of Trust." SAC ¶ 39. The complaint does not state which provision of the promissory note or deed of trust that the stated action breaches. The basis for this claim, as with others in the complaint, appears to be that Roque was not provided with sufficient information to ascertain his rights or obligations. But, as elsewhere in the complaint, he does not allege what information was required. Roque's claim for breach of the covenant of good faith and fair dealing also fails to state a claim.

### G.  Specificity of Allegations

The complaint makes many general allegations against "defendants" without distinguishing between them. *See* SAC ¶¶ 14, 17, 19, 20, 26, 31, 34, 35, 41, 57(a), 57(b). The lack of specificity in these allegations make it difficult to assess the respective liability of the different defendants. Because the court below gives plaintiff one final chance to amend, plaintiff should clarify the allegations made generally against all defendants to specifically state which defendant performed particular complained-of acts.

27  \\
28  \\

ORDER GRANTING MOTIONS TO DISMISS—No. C-09-00040 RMW
JAS                                                6

## III. ORDER

For the reasons stated above, the court grants the motions to dismiss. Plaintiff is given twenty days leave to file one last amended complaint.

DATED: 07/10/09

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

Reuben Lagbao Nocos          rlnocos@nocoslaw.com

**Counsel for Defendants:**

Harold R. Jones          hrj@severson.com
John B. Sullivan          jbs@severson.com
Regina Jill McClendon , Esq.          rjm@severson.com
Glenn Harlan Wechsler          glenn@glennwechsler.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**    07/10/09                     JAS
                                                     **Chambers of Judge Whyte**