REUBEN L. NOCOS, ESQ. [SBN 238011]
Nocos Law Firm, A Professional Corporation
1900 S. Norfolk St., Ste. 350
San Mateo, CA 94403
(650) 320-1747

Attorneys for Plaintiff
WILFRED ROQUE

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WILFRED ROQUE,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>SUNTRUST MORTGAGE, INC., a business entity, form unknown; GMAC MORTGAGE, a business entity, form unknown; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. a business entity, form unknown; DEUTSCHE BANK NATIONAL TRUST COMPANY as TRUSTEE FOR HARBORVIEW 2006-14, a business entity, form unknown; GREENWICH CAPITAL ACCEPTANCE, INC., a business entity, form unknown; GREENWICH CAPITAL FINANCIAL PRODUCTS, INC.; and all persons or entities unknown, claiming any legal or equitable right, title, estate, lien or interest in the property described in this Complaint adverse to Plaintiff's title thereto, and DOES 1 through 25, inclusive,<br><br>　　　　Defendants. | Case No.: C-09-00040 RMW<br><br>THIRD AMENDED COMPLAINT |

　　Plaintiff, WILFRED ROQUE complains against Defendants, and each of them, as follows:

1

Third Amended Complaint

**PARTIES**

1. At all times relevant herein, Plaintiff, WILFRED ROQUE ("Plaintiff") is and was a resident of Santa Clara County, California. He resides at his home at 2632 Baton Rouge Drive, San Jose, California 95133, APN 254-72-009 ("Subject Property"). Plaintiff is Trustor of a Deed of Trust purportedly executed on July 6, 2006 ("Deed of Trust") securing a Promissory Note in the amount of $505,000.00 purportedly executed on July 6, 2006 ("Promissory Note"). A copy of the recorded Deed of Trust is attached hereto as **Exhibit A**.

2. Defendant SUNTRUST MORTGAGE, INC., ("SUNTRUST") is a business entity, form unknown, with a business address of 3160 Crow Canyon Rd, Ste. 250, San Ramon, California 94583, purporting to be authorized to conduct business in the State of California. SUNTRUST's agent for service of process in California, as registered with the Secretary of State is Corporation Service Company located at 2730 Gateway Oaks Drive, Suite 100, Sacramento, California 95833. SUNTRUST conducts business in California and within the County of Santa Clara, California on a regular basis. SUNTRUST was the original "Lender" on the Deed of Trust.

3. Defendant, GMAC MORTGAGE, ("GMAC"), is a business entity, form unknown, purporting to be authorized to conduct business in the State of California. GMAC conducts business in California and within the County of Santa Clara, California on a regular basis. GMAC's agent for the service of process in California as registered with the Secretary of State is CSC- Lawyer's Incorporating Service, with an address at 2730 Gateway Oaks Drive Ste. 100, Sacramento, CA 95833. Plaintiff is further informed and believes that GMAC was assigned servicing rights of the loan purportedly funded by SUNTRUST in the amount of $505,000.00.

4. Defendant MORTGAGE ELECTRONIC REGISTRATION SERVICES, INC. ("MERS") is a Delaware corporation acting as a nominee/beneficiary for the Lenders of the on the Deed of Trust. MERS is also listed as the beneficiary under the Deed of Trust. Plaintiff is informed and believes, and on that basis alleges that MERS is not authorized to conduct business in the State of California. Plaintiff is also informed and believes and on that basis further alleges that Defendant MERS is not a financial lending institution subject to California Corporations

Code Section 191 and therefore must have legal capacity as a corporation to conduct business within the State of California.   MERS is identified as the "Beneficiary" on the Deed of Trust.

5. Defendant DEUTSCHE BANK NATIONAL TRUST COMPANY ("DEUTSCHE") is a business entity form unknown, purporting to be authorized to conduct business in the State of California.  Plaintiff is informed and believes and on that basis alleges that DEUTSCHE is the "Trustee" pursuant to a Pooling and Servicing Agreement dated December 1, 2006 ("PSA"). The PSA was entered into by, among others, Defendant, GREENWICH CAPITAL ACCEPTANCE, INC. ("GCA") as "Depositor," Defendant, GREENWICH CAPITAL FINANCIAL PRODUCTS, INC. ("GCFP") as "Seller" and Defendant DEUTSCHE as Trustee for the "HarborView Mortgage Loan Trust, Mortgage Loan Pass-Through Certificates, Series 2006-14" which is a pool of securitized loans comprised of thousands hundreds of notes and deeds of trusts of other borrowers.  Plaintiff is informed and believes, and on that basis, alleges that Plaintiff's loan became part of this pool.  The PSA is attached as Exhibit 4.1 to the HarborView Mortgage Loan Trust's Form 8-K filing with the Securities and Exchange Commission and obtained from this website: http://www.sec.gov/Archives/edgar/data/1382251/000114420407001159/v061809_ex4-1.htm. A copy of the pertinent pages of this 286-page document is attached hereto as **Exhibit B.**

6. Defendant GREENWICH CAPITAL ACCEPTANCE, INC. ("GCA") is a business entity form unknown, purporting to be authorized to conduct business in the State of California. GCA entered into the PSA as "Depositor."

7. Defendant GREENWICH CAPITAL FINANCIAL PRODUCTS, INC ("GCFP") is a business entity form unknown, purporting to be authorized to conduct business in the State of California.  GCA entered into the PSA as "Seller."  Defendant GCFP also entered into a Mortgage Loan Purchase Agreement ("Purchase Agreement") with Defendant GCA dated December 1, 2006. The Purchase Agreement identifies GCA as "Purchaser" and GFCP as "Seller" of certain adjustable rate mortgage loans.  The Purchase Agreement references Mortgage Loans listed on "Schedule I."  However, indicated under "Schedule I" is this statement: "To be retained in a separate closing binder entitled "Harborview 2006-14 Mortgage

Loan Schedule" at the Washington, DC offices of McKee Nelson LLP." Plaintiff believes that his mortgage is included in this schedule. The Purchase Agreement is attached as Exhibit 99.1 to HarborView Mortgage Loan Trust's Form 8-K filing with the Securities and Exchange Commission and obtained from this website:

http://www.sec.gov/Archives/edgar/data/1382251/000114420407001159/v061809_ex99-1.htm.

A copy of Purchase Agreement is attached hereto as **Exhibit C.**

8. The Defendants named herein "all persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the property described in this Complaint adverse to Plaintiff' title thereto and as DOES 1-25 (hereinafter sometimes referred to a "the unknown Defendant") are unknown to Plaintiff. These unknown Defendants, and each of them, claim some right, title, estate, lien or interest in the Subject Property hereinafter described adverse to Plaintiff' title and their claims, and each of them, constitute a cloud on Plaintiff' title to the Subject Property.

9. The true names and capacities of Defendant DOES 1-25, inclusive, are unknown to Plaintiff, and are therefore sued by such fictitious names. Plaintiff is informed and believes, and on that basis alleges that each fictitiously named herein as a DOE is responsible for the events and happenings hereinafter referred to, and thereby proximately caused the injuries and damages to Plaintiff as hereinafter alleged. Plaintiff will seek leave of the Court to amend this Complaint to allege the true names and capacities of said fictitiously named Defendant when ascertained.

10. Plaintiff is informed and believes, and on that basis alleges that at all times mentioned herein, the unknown Defendants, are individuals and/or business entities whose forms are unknown and were agents, principals, employees, employers, and co-conspirators of each and every other named or unnamed Defendant in this Complaint. Plaintiff is informed and believes, and on that basis alleges that each of such Defendants are, and at all relevant times herein, were acting within the scope of their authority as such agents, employees, or alter-egos with permission and consent of the remaining named and unnamed Defendants.

11. Whenever in this Complaint an act or omission of a corporation or business entity is alleged, the said allegation shall be deemed to mean and include an allegation that the corporation or business entity acted or omitted to act through its authorized officers, directors,

agents, servants, and/or employees, acting within the course and scope of their duties, that the act or omission was authorized by corporate managerial officers or directors, and that the act or omission was ratified by the officers and directors of the corporation or business entity.

12. While the complained of loan was originated by Defendant SUNTRUST all subsequent holders of the note, took the note subject to all defenses against any other successors to the note and Deed of Trust.

13. The transactions and events which are the subject matter of this Complaint all occurred within the Santa Clara, State of California.

14. The property located at 2632 Baton Rouge, San Jose, CA 95133 is within the County of Santa Clara.

**FACTUAL ALLEGATIONS**

15. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

16. Defendants SUNTRUST, GMAC and MERS, and their agents, officers, employees, and affiliated or associated parties have engaged in and continue to engage in a pattern of unlawful, fraudulent or unfair predatory real estate lending practices causing victims of their actions, including Plaintiff herein, to lose or be in jeopardy of losing their homes through the foreclosure process because of predatory lending practices on the part of Defendants that consist of, but not limited to (a) failing to provide proper disclosures as required by state law , (b) failing to disclose the true terms of the loan, (c) charging excessive closing costs fees to plaintiff that have no reasonable value basis to the services actually performed by Defendants, and (d) failing and refusing to provide escrow final closing documents in the form and manner required in a valid closing statement.

17. In or around July 2006, Plaintiff sought to refinance the Subject Property. He engaged the services of a local mortgage broker to obtain a loan who instructed him to complete a loan application, which was subsequently submitted to SUNTRUST.

18. No attempt was made by SUNTRUST to verify Plaintiff's income. If they had, they would have realized that the borrower could not possibly been able to make the payments.

19. A review and audit of the loan documents of the Plaintiff revealed that there were numerous violations committed by the Defendants, thus resulting into a loan transaction that is illegal, unjust and therefore, void.  Unknown to Plaintiff, SUNTRUST induced the Plaintiff into a transaction that did not and could not meet normal underwriting standards for a residential mortgage.  SUNTRUST posed as a conventional mortgage lender thus leading Plaintiff to reasonably believe that the SUNTRUST had an interest in the success (repayment of the loan) of the transaction that Plaintiff was induced to believe was being executed at the time of the "closing" of the subject loan transaction.

20. In fact, SUNTRUST had no financial stake (i.e., liability) in the transaction and no interest other than obtaining Plaintiff's signature on a "loan" that could never be repaid, contrary to representations and assurances from the conspiring participants in this fraudulent scheme. Plaintiff relied upon the due diligence of SUNTRUST, the apparent "Lender" in executing and accepting the closing documents. In fact, no "lender" was involved in the closing in the sense of an entity performing due diligence and evaluation pursuant to national standards for underwriting and evaluating risk of loaning money in a residential loan closing.  Their purpose was solely to collect fees, rebates, kickbacks and profits that were never disclosed to Plaintiff and have only recently been discovered by Plaintiff through research in securitization of residential mortgage loans, and diligent research including the filings of some parties with the Securities and Exchange Commission which disclose the normal manner of operating this fraudulent scheme.

21. SUNTRUST was named "Payee" on the Promissory Note and MERS was named "Beneficiary" under the Deed of Trust allegedly securing the performance under Promissory Note.  This statement is, however, effectively nullified in the same Deed of Trust by MERS being defined as a "separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns." In accordance with California recording statutes, the Deed of Trust was recorded in the Santa Clara County Recorder's Office on or around August 14, 2006. There is no assignment of the Deed of Trust in the county records until MERS recorded an Assignment of Deed of Trust on or around June 30, 2009.  However, there is a non-recorded PSA and a non-recorded Purchase Agreement which appears to substitute DEUTSCHE BANK

over the pooled assets for the nominal Trustee in the Deed of Trust. The Assignment of Deed of Trust was dated May 5, 2009 and purports to assign the Deed of Trust and Promissory Note to Defendant DEUTSCHE BANK. Although the subject loan was purportedly in default since 2008, it boggles the mind why DEUTSCHE BANK would be interested in purchasing a purportedly defaulted note in May 2009. A copy of the recorded Assignment of Deed of Trust is attached hereto as **Exhibit D**.

22. Notwithstanding the above, and without the knowledge of the Plaintiff, GCA and GCFP had entered into Purchase Agreement and Pooling and Service Agreements with one or more parties prior to or contemporaneously with the closing of the subject loan transaction. Under the terms of these agreements, SUNTRUST received a sum of money, usually on receiving an application for a loan equal to the gross amount of the loan sought by Plaintiff plus a fee of around 2.5% or more which was allocated to the subject loan transaction.

23. Contrary to the documents presented before and during the closing of the loan transaction SUNTRUST was neither the source of funding nor the "Lender." Thus, at the time of recording, the source of funding and the "Lender" was a different entity than the nominal beneficiary under the deed of trust and was neither named nor disclosed in any fashion. The security for the "loan" thus secured an obligation that had been paid in full by either GCA or GCFP.

24. On or around July 18, 2008, Defendants caused to be recorded a Notice of Default. A copy of the recorded Notice of Default is attached hereto as **Exhibit E**.

25. A Substitution of Trustee was recorded on or around July 18, 2008.

26. On or around October 29, 2008, a Notice of Trustee's Sale was recorded. ETS Services, LLC, purportedly substituted in by MERS to be Trustee on the Deed of Trust recorded the Notice of Trustee's Sale on October 27, 2008. The Notice of Trustee's Sale contained a purported "Declaration of Compliance" with California Civil Code Section 2923.5(c) on page two. The Declaration indicated that the "beneficiary or authorized agent hereby represents and

declares that a notice of default ("NOD") was recorded prior to September 6, 2008; that the NOD has not been rescinded" and that "[t]he beneficiary or beneficiary's authorized agent did not make contact with the borrower" but exercised due diligence in advising the borrower of the lenders desire to speak to the borrower to "assess the borrower's financial situation and to explore options for the borrower to avoid foreclosure…"  On page three of the Notice of Trustee's Sale, it indicates that "[t]he undersigned authorizes the trustee, foreclosure agent and/or their authorized agent to sign, on behalf of the beneficiary/authorized agent, the notice of sale containing the declaration required pursuant to Civil Code § 2923.5(c).  The person who signed the Declaration was one Lorraine Barra, identified as "Vice-President" and the belowe the signature line, an entry that states "(Beneficiary's/Authorized Agent's Signature)."  It appears that the declarant did not have personal knowledge of what she purports to declare and does not identify her capacity other than Vice President that allows her to make such a Declaration.  It is unclear for which entity she serves as Vice-President.  Moreover, the Declaration is not in compliance with Code of Civil Procedure section 2015.5 because it is not made under penalty of perjury.  Attached as **Exhibit F** is copy of the recorded "Notice of Trustee's Sale" and incorporated by reference herein.

27. Chain of successive ownership of Promissory Note and the Deed of Trust is unclear starting from the point of loan closing and when the Deed of Trust was executed on or around August 2, 2006.  Although MERS was the beneficiary on the Deed of Trust, the unrecorded PSA and Purchase Agreement seem to belie that fact.

28. On information and belief, Plaintiff alleges that pursuant to the Purchase Agreement, the mortgage notes, including the subject Promissory Note and Deed of Trust were purchased GCA, as "Purchaser" from GCFP, as "Seller."

29. On information and belief, Plaintiff alleges that pursuant to the PSA, GCA conveyed the mortgage notes, including the subject Promissory Note and Deed of Trust to Defendant DEUTSCHE BANK. There is no clear chain of ownership from SUNTRUST to MERS to GCFP to GCA to DEUTSCHE BANK. The only recorded assignment is from MERS to DEUTSCHE BANK.

**FIRST CAUSE OF ACTION**
**Declaratory Relief**
(Against all Defendants)

30. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

31. Plaintiff is the owner of record of the Subject Real Property.

32. The requirements with respect to enforcement of rights under the notes (including secured notes at issue) are clear and set out in revised Article 3 of the Uniform Commercial Code, which has been adopted in every state, including California where it is codified as Unified Commercial Code ("CUCC"). Article 3 governs negotiable instruments – it defines what a negotiable instrument is and defines how ownership of those pieces of paper is transferred. In short, under the CUCC, the entity seeking to enforce the note must show that:

(a) It is the holder of this note original as an original note holder or by transfer, with all necessary endorsements (CUCC § 3301); or

(b) It had possession of the note before it was lost; shall prove the terms of the instrument and its right to enforce the instrument and be ready to provide adequate protection against loss that might occur by reason of a claim by another person to enforce the instrument (CUCC § 3309).

33. The only alleged beneficiary under the Note that was known to the Plaintiff at the time of the recording of the Notice of Default was MERS. The purported Assignment of Deed of Trust to DEUTSCHE BANK is suspect and it is unclear if they are the true beneficiary. By its own admission in the Deed of Trust, on its website and in connection with a number of recent

cases around the country, MERS is not a true beneficiary under the deeds of trust, but merely a nominee for a true beneficiary[1].

34. Unless Defendants can show that there is a party that can be named a true beneficiary under the Note (true note holder) as prescribed under the law, and that party can produce a properly endorsed original Note (showing the full chain of title), there is no one that have any legal or equitable right, claim, or interest in the Subject Real Property.[2]

35. In addition, as stated above, there is no clear chain of ownership from SUNTRUST to MERS to GCFP to GCA to DEUTSCHE BANK since there are unrecorded assignments of the Deed of Trust from SUNTRUST to other parties unknown to Plaintiff. The power of sale contained in the Deed of Trust is no longer valid pursuant to California Civil Code section 2932.5.[3]

36. An actual controversy has arisen and now exists between Plaintiff and Defendants, regarding their respective rights and duties concerning the status and validity of the loan and the Promissory Note, the Deed of trust, purported beneficiaries on the Deed of Trust, actual beneficiaries, loan servicers in that Plaintiff contends that Defendants do not have the right to collect on the debt and to foreclose on the Subject Property because Defendants do not have possession of the original Promissory Note as it was assigned to the trust pool and that the purported power of sale contained in the Deed of Trust no longer applies, pursuant to California Civil Code section 2932.5.

---

[1] Just one of the relevant most recent cases: *Vargas v. Freedom Home Mortgage Corp., MERS Inc., et al.,* case# LA08-17036SB (Recent ruling against MERS in California by Hon. Judge Samuel L. Bufford.); *In re Hwang,* 396 B.R. 757 (Bankr. C.D. Cal. 2008) (servicer not real party in interest for purposes of pursuing motion for relief from stay).

[2] Recent Ninth Circuit rulings on the issue: *In re Jacobsen,* 2009 WL 567188 (Bankr. W.D. Wash. 2009) (denying motion for stay relief because movant had not established either identity of holder of note or movant's authority to act on behalf of that party); *In re Hwang,* 396 B.R. 757 (Bankr. C.D. Cal. 2008) (servicer not real party in interest for purposes of pursuing motion for relief from stay); *Saxon Mortgage Services, Inc. v. Hillery* (2008) 2008 U.S. Dist. LEXIS 100056; *In re* Vargas (2008) 2008 Bankr. LEXIS 3539

[3] California Civil Code section 2932.5 governs the power of sale and it provides: "Where a power to sell real property is given to a mortgagee, or other encumbrancer, in an instrument intended to secure the payment of money, the power is part of the security and vests in any person *who by assignment becomes entitled to payment of the money secured by the instrument. The power of sale may be exercised by the assignee if the assignment is duly acknowledged and recorded.*" (emphasis included)

37. Based on the foregoing, Plaintiff is seeking to quiet title against the Defendants, and each of them, as of the date of filing of this Second Amended Complaint and a judicial declaration that the title to Subject Real Property is vested in Plaintiff alone and that: (1) Defendants, and each of them, be declared to have no estate, right, title, or interest in the Subject Real Property and (2) said Defendants, and each of them, be forever enjoined from asserting any right, title, or interest in the Subject Real Property, adverse to Plaintiff herein.

## SECOND CAUSE OF ACTION
**Wrongful Foreclosure – Violation of California Civil Code Section 2924, et seq.**
(Against DEUTSCHE BANK, GMAC and MERS)

38. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

39. California Civil Code §§ 2924 through 2924(k) provide a comprehensive framework for the regulation of a nonjudicial foreclosure sale pursuant to a power of sale contained in a deed of trust. This comprehensive statutory scheme has three purposes: *"(1) to provide the creditor/beneficiary with a quick, inexpensive and efficient remedy against a defaulting debtor/trustor; (2) to protect the debtor/trustor from wrongful loss of the property; and (3) to ensure that a **properly** conducted sale is final between the parties and conclusive as to a bona fide purchaser."* (Emphasis included). (Melendrez v. D & I Investment, Inc. (2005) 127 Cal.App.4th 1238, 1249–1250 [26 Cal. Rptr. 3D 413]). The foreclosure proceedings at issue fail on all three prongs.

40. As discussed above, they are not conducted by a true creditor/beneficiary and thus the first prong is not satisfied. In addition, these proceedings cannot ensure that the conducted sale will be final and conclusive as to a potential bona fide purchaser, which is required by the third prong.

41. As it will be abundantly clear directly below, the contemplated foreclosure sale at issue could not be conducted properly under the current statutory regime and the terms of the Deed of Trust. Thus, such an improper foreclosure would be in violation of the third prong and in addition definitely result in wrongful loss of property, from which debtor/trustor shall be

protected as provisioned in second prong.  Needless to say, protection of debtor (Plaintiff) from wrongful loss of the Subject Property was not even in the cards as Defendants could not care less about Plaintiff's interests and, moreover, made everything possible to hide the true beneficiary from the Plaintiff and deter her from establishing direct contact and/or asserting any meaningful defenses against the true beneficiary.

42. Defendants were not the proper parties and were and are not authorized to initiate and conduct the foreclosure sale at issue under California law.  California Civil Code § 2932.5 governs the power of sale under an assigned mortgage, and provides that the power of sale can only vest in a person entitled to money payments.[4]

43. Plaintiff further points out that the foregoing California sections governing non-judicial sale shall be strictly construed.  Read together, these sections are clearly meant to protect borrower/consumer rights by introducing certain transparency requirements.  In other words, compliance with these sections assures that the real party in interest (who really suffers an injury from borrower's failure to pay) is known to the borrower.  The Notice of Default at issue provides contact information for MERS c/o ETS Services, LLC.  ETS is neither the mortgagee or the beneficiary.

44. In addition, as there are unrecorded assignments of the Deed of Trust, it is not clear if MERS is the true beneficiary or who the current assignee under the Deed of Trust might be.

45. As discussed above, MERS is not and cannot be a true beneficiary or a party "entitled to payment of the money secured by the instrument."  But even assuming for the sake of argument that the Deed of Trust assignments can somehow be established, if no proper chain of assignment of the Note can be demonstrated by showing an original fully and properly endorsed Note, no proper assignment of "the instrument intended to secure the payment of money" took place in any event.  It is a well established law, pursuant to California Civil Code section 2936 that a secured promissory note traded on the secondary market remains secured only because and as long as the mortgage follows the note.

---

[4] See fn 3, *supra*.

46. The conclusion follows, that the power of sale may not be exercised by any of Defendants since they are not true holders of the Note and did not comply with California Civil Code recording and non-judicial sale requirements.

47. To compound the matter, ETS Services, LLC is not authorized to initiate and conduct the foreclosure sale of the Subject Property under a power of sale because there was no proper substitution of trustee. MERS simply lacked any authority to execute the Substitution of Trustee at issue at the time it was executed and recorded. California Civil Code § 2934a provides in particular that:

> The trustee …may be substituted by the recording in the county in which the property is located of a substitution executed and acknowledged by: (A) all of the beneficiaries under the trust deed, or their successors in interest, and the substitution shall be effective notwithstanding any contrary provision in any trust deed executed on or after January 1, 1968; or (B) the holders of more than 50 percent of the record beneficial interest of a series of notes secured by the same real property or of undivided interests in a note secured by real property equivalent to a series transaction, exclusive of any notes or interests of a licensed real estate broker that is the issuer or servicer of the notes or interests or of any affiliate of that licensed real estate broker. Cal. Civ. Code § 2934a

48. MERS was none of the above. Based on the foregoing, the Substitution of Trustee is null and void and the foreclosure proceedings are defective and wrongful.

### THIRD CAUSE OF ACTION
**Civil Conspiracy**
(Against all Defendants)

49. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

50. Defendants acted in concert pursuant to a common design and plan to induce Plaintiff to enter into the mortgage transaction which at the end had little or no benefit to Plaintiff, including but not limited to providing the funding for the scheme. Defendants initiated the loan transaction being already in agreement with other parties and/or each other as to the future resale of the pooled mortgages in the open market, which fact was never disclosed to

Plaintiff.  All Defendants had in mind from the very beginning is maximizing their own profits by all possible means and they acted in gross disregard to Plaintiff's interests.  By creating a scheme that practically eliminated any meaningful underwriting standards and inflated real property values to unsustainable levels, Defendants violated numerous laws and regulations designed to protect consumer rights.

51.  In particular, complete disregard to the California statutory non-judicial sale and recording requirements by Defendants, discussed in detail above, shows Defendants' gross disregard to existing statutory framework created to protect consumers in this State.  Plaintiff became a victim of Defendants' predatory lending practices when Plaintiff was induced to obtain the loan at issue.

52.  By proceeding with non-judicial foreclosure in violation of statutory requirements and obscuring the real part in interest, Defendants in conspiracy with each other and other parties are effectively seeking to get around basic due process requirements.  Dozens of judges in courts of all jurisdictions are questioning the right of MERS, servicers or other "nominees" to even have a right to represent actual true parties in court, much less to cause or initiate a foreclosure action.  It is basic black letter law that you can't go to court and ask for relief unless you are the person who was injured and thus the wrongful non-judicial proceedings are just a work-around of this requirement and effectively an admittedly fairly successful attempt to legalize illegal behavior.  No matter how Defendants mince the words, the only parties with any potential to apply for relief in non-judicial or judicial states are the actual holders of the notes (investors).  Invoking non-judicial foreclosure and creating obstacles for Plaintiff to defend against such foreclosure does not make it legal and right.

53.  Defendant SUNTRUST illegally, maliciously and wrongfully conspired with one another and other parties with the intent to and with the purpose of (1) initially inducing Plaintiff to enter into this mortgage which had little or no benefit and led to a financial disaster to Plaintiff and later (2) forcing Plaintiff further in default and eventually foreclose on the Subject Property.  This civil conspiracy resulted in damaging Plaintiff, including but not limited to, increased finance charges, loss of the initial investment and commercial value of the Subject Real Property, loss of other credit opportunities, credit history damage and other costs, and on top of everything else, potential loss of the Subject Real Property to foreclosure.

# FOURTH CAUSE OF ACTION
## Quiet Title
(Against all Defendants)

54. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

55. Plaintiff is the Plaintiff seeks to quiet title against the claims of all Defendants.

56. Plaintiff is record owner of the real property located at 2632 Baton Rouge Dive, San Jose, California 95133, APN 254-72-009. The legal description of the Subject Property is attached hereto as **Exhibit G.**

57. Defendants' claims are without any right, and Defendants have no title, estate, lien, or interest in the Subject Property in that purported power of sale contained in the Deed of Trust is of no force and effect because of non-compliance with the recording statutes and California Civil Code section 2932.5, and non-compliance with non-judicial foreclosure statutes. Defendants are not the holder in due course of the Promissory Note because it was assigned numerous times and there is no evidence that the proper parties are in Court to collect on the debt. There is an unexplained broken chain of ownership of the Deed of Trust and Promissory Note and any attempt to foreclose is a fraud on the Court.

58. Plaintiff desires and is entitled to a judicial declaration quieting title in Plaintiff.

## PRAYER

1. For a declaration that the purported power of sale contained in the Deed of Trust has been rendered void and ineffective against the Subject Property.

2. For a declaration that the title to the Subject Property is quieted in Plaintiff.

3. For a declaration that the title to the Subject Property be reconveyed to Plaintiff.

4. That Defendant and each of them be permanently enjoined from foreclosing on the Subject Property and any attempts at dispossessing Plaintiff of the Subject Property.

5. For a declaration that Plaintiff WILFRED ROQUE is the prevailing party.

6. For attorney's fees and costs of suit incurred herein;

//

//

7. For general and special damages; and

8. For such other and further relief as the Court deems just and proper.

Dated: July 30, 2009

                                                          By:   /s/ Reuben Nocos
                                                               Reuben L. Nocos, Esq.
                                                                  Attorney for Plaintiff
                                                                  WILFRED ROQUE

Attestation Regarding Signature: This Document is being filed electronically under my User ID and Password. I have an original signed version of this document in my office files. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

      Executed July 30, 2009 in San Mateo, California.

VERIFICATION

I, WILFRED ROQUE, hereby declare:

I am a Plaintiff in this action. I have read the above Third Amended Complaint and know that the contents are true of my knowledge, except as to the matters stated in it on my information or belief, and as to those matters I believe it to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 30, 2009 at San Jose, California


                                                  /s/ Wilfred Roque
                                                  WILFRED ROQUE
                              (Original signature retained by attorney Reuben Nocos

Attestation Regarding Signature: This Document is being filed electronically under my User ID and Password. I have an original signed version of this document in my office files. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed July 30, 2009 in San Mateo, California.


                                                 /s/ Reuben L. Nocos
                                                Reuben L. Nocos, Esq.
                                                Attorney for Plaintiff
                                                WILFRED ROQUE