1

2

3

4                                                    **E-FILED on**  2/10/10

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                     FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                                 SAN JOSE DIVISION

11

12   WILFRED ROQUE                          No. C-09-00040 RMW

13              Plaintiff,

14        v.                                ORDER GRANTING MOTIONS TO
                                            DISMISS
15   SUNTRUST MORTGAGE, INC., GMAC
     MORTGAGE, MORTGAGE ELECTRONIC          **[Re Docket Nos. 57, 59]**
16   REGISTRATION SYSTEMS, INC.,

17              Defendants.

18

19        Plaintiff Wilfred Roque ("Roque") originally filed this action in state court, and on January 7,

20   2009, defendant SunTrust Mortgage, Inc. ("SunTrust") removed on the basis of federal claims in the

21   original complaint.  On January 20, 2009, Roque filed an amended complaint eliminating the federal

22   claims.  Suntrust, GMAC Mortgage ("GMAC") and Mortgage Electronic Registration Systems, Inc.

23   ("MERS") each moved to dismiss and the court granted the motions to dismiss on April 17, 2009,

24   giving plaintiff leave to amend.  Plaintiff filed a second amended complaint on May 7, 2009 and

25   Suntrust, GMAC, and MERS all filed motions to dismiss which the court granted on July 10, 2009,

26   giving plaintiff twenty days leave to file one last amended complaint.  Plaintiff filed a third and final

27   amended complaint on September 13, 2009.  Suntrust, GMAC and MERS all move again to dismiss.

28

United States District Court
For the Northern District of California

The court has read the moving and responding papers and considered the arguments of counsel.  For the reasons set forth below, the court grants defendants' motions to dismiss.

## I. BACKGROUND

On August 2, 2006, Roque obtained a $505,000 loan from SunTrust to refinance the existing loan on plaintiff's property at 2632 Baton Rouge Drive in San Jose, California ("the Property"). Third Amended Complaint ¶¶ 1, 17 ("TAC").  The refinancing resulted in a deed of trust with Roque as borrower/trustor, SunTrust as original lender, and MERS as nominee for lender and lender's successors and assignors.  TAC ¶¶ 2-6, Deed of Trust, Ex.A.

Roque alleges that defendants have engaged in and continue to engage in a pattern of "unlawful, fraudulent or unfair predatory real estate lending practices." TAC ¶16.  Plaintiff alleges defendants engaged in the following list of predatory lending practices (a) failing to provide proper disclosures as required by law, (b) failing to disclose the true terms of the loan, (c)charging excessive closing costs and fees to plaintiff that have no reasonable relationship to the value of the services actually preformed by defendants, and (d) failing and refusing to provide escrow final closing documents in the form and manner required in a valid closing statement.  *Id*.  Roque further claims no attempt was made by SunTrust to verify his income.  *Id*. ¶ 18.  If SunTrust had verified his income, Roque alleges, it would have realized that he would not have been able to make the mortgage payments.  *Id*.  Roque also asserts that subsequent to the loan closing, ownership over the promissory note and deed of trust changed and no clear chain of ownership exists.  *Id*. ¶¶ 27-29. This unknown chain of ownership gives rise to plaintiff's allegations under the Pooling and Servicing Agreement dated December 1, 2006 ("PSA").  *Id*. ¶ 5, Ex. C.  According to plaintiff, a PSA was entered into by, among others, Deutsche Bank National Trust Company ("Deutsche") as trustee, Greenwich Capital Acceptance, Inc. ("GCA"), as depositor and Greenwich Capital Financial Products, Inc. ("GCFP"), as seller, all of which Roque has added as defendants in the TAC.  *Id*.  The PSA, says plaintiff, is "a pool of securitized loans comprised of thousands . . . of notes and deeds of trust of other borrowers."  *Id*.  Roque asserts that SunTrust posed as a conventional mortgage lender but that SunTrust in fact had no financial stake (i.e. liability) in the transaction.  *Id*. ¶¶ 19, 20. Further, Roque claims under the agreements entered into between SunTrust, GCA, GCFP and other

United States District Court
For the Northern District of California

1  unnamed parties, SunTrust received a sum of money allegedly the amount of the loan plus a fee of

2  around 2.5% or more.  *Id.* ¶¶22-23.  Plaintiff concludes that the security for the loan thus secured an

3  obligation that had been paid in full by GCA or GCFP to SunTrust.  *Id.*

4         Plaintiff does not allege that he made all required payments or that he is not in default under

5  the terms of the loan.

6         Around July 18, 2008, a Notice of Default was recorded with the Santa Clara County

7  Recorder's Office.  *Id.* ¶26.  On October 27, 2008, a Notice of Trustee's Sale was filed in the same

8  office.  *Id.*

9         Roque's TAC claims: (1) a declaratory judgment that defendants do not have the right to

10  foreclose on the property; (2) wrongful foreclosure; (3) civil conspiracy; and (4) quiet title.  TAC at

11  9-25.  GMAC and MERS have filed a motion to dismiss as to all claims.  SunTrust has filed a

12  separate motion to dismiss claims one, three and four, the claims in which it is a named defendant.

13                                    **II.  ANALYSIS**

14         A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) tests the legal

15  sufficiency of the claims in the complaint.  To survive a motion to dismiss, a complaint must contain

16  sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."

17  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  A claim has facial plausibility when the plaintiff

18  pleads factual content that allows the court to draw the reasonable inference that the defendant is

19  liable for the misconduct alleged.  *Id.*  For the purposes of a motion to dismiss a court must take as

20  true all of the factual allegations in the complaint, however, the court is not bound to accept as true

21  legal conclusions couched as a factual allegations.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

22  556, 570 (2007).

23         In ruling on a 12(b)(6) motion, a court generally cannot consider material outside of the

24  complaint.  *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994).  However, a court may consider

25  evidence on which the complaint "necessarily relies" if: (1) the complaint refers to the document; (2)

26  the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the

27  document.  *Id.* at 453-54.  The court may treat such a document as "part of the complaint, and thus

28  may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)."

*United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).  Therefore, this court accepts as true all material allegations in the complaint, the deed of trust and documents attached to the motion, as well as reasonable inferences to be drawn from them.  *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).

### A.    Declarative Relief

First, in Roque's cause of action for declaratory relief he seeks a declaration that defendants do not have a right to foreclose on the property.   TAC ¶ 37.  The basis of plaintiff's first argument is that defendants lack the right to foreclose under Article 3 of the Uniform Commercial Code.  TAC ¶ 32.  Plaintiff argues that to enforce a  note the entity seeking enforcement must (1) be the holder of the note or (2) be able to prove the right to enforce the note.  Cal. UCC § 3309.  The court has rejected this claim.  Plaintiff argues a second theory, that under California Civil Code § 2932.5, because the chain of ownership is unrecorded, the power of the sale in the deed of trust is no longer valid.  *Id.* ¶ 35.  These allegations do not sufficiently set forth a basis for declaratory relief against any defendant.

California law recognizes two distinct ways in which a loan may be secured by real property, either by a mortgage or by a deed of trust.  *Yulaeva v. Greenpoint Mortg. Funding, Inc.,* 2009 WL 2880393, 1 (E.D. Cal. Sept. 3, 2009).  A deed of trust generally involves three parties, the borrower/trustor (in this case Roque) who conveys the right to sell the property to the trustee, for the benefit of the lender/beneficiary.  *Id.*  The practical effect is the creation of a lien on the subject property.  *Id.*  Notwithstanding that the right of sale is formally with the trustee, both the beneficiary and the trustee may commence the non-judicial foreclosure process.  *Id.* (*citing* Cal. Code. Civ. Proc. § 725a).

Section 2932.5 applies to mortgages, not deeds of trust.  It applies only to mortgages that give a power of sale to the creditor, not to deeds of trust which grant a power of sale to the trustee.  Trustees regularly foreclose on behalf of assignees for the original beneficiary.  *In re Golden Plan of Cal., Inc.*, 829 F.2d at 708-11.  Accordingly plaintiff's theory under § 2932.5 fails.  As the court previously concluded, non-judicial foreclosures are governed exclusively by Cal. Civ. Code Section 2924-2924i.  Docket No. 52 at 4.

ORDER GRANTING MOTIONS TO DISMISS
No. C-09-00040 RMW
AKT                                            4

1    Plaintiff's final attempt to state a claim for declaratory relief rests on the tenuous assertion

2    that the beneficiary of record of the deed of trust does not have standing to foreclose upon the

3    property because the PSA somehow cancelled the power of sale contained in the deed of trust due to

4    the unknown chain of ownership.  TAC ¶¶ 30-37, 40-42.  Uniformly among courts, production of the

5    note is not required to proceed in foreclosure and similarly no production of any chain of ownership

6    is required.  *Putkkuri v. Recontrust Co.*, 2009 WL 32567, 2 (S.D. Cal., 2009).  The TAC does not

7    establish an independent actual or present controversy as regards the PSA.  Therefore, with no actual

8    controversy, the case is not subject to declaratory relief.  A declaratory relief action "brings to the

9    present a litigable controversy, which otherwise might only be tried in the future." *Societe de*

10   *Conditionnement v. Hunter Eng. Co., Inc.*, 655 F.2d 938, 943 (9th Cir. 1981).  Plaintiff's declaratory

11   relief claim is not substantiated.  Accordingly, plaintiff's cause of action for declaratory relief fails to

12   state a claim and is dismissed with prejudice.

13       **B.    Wrongful Foreclosure**

14       Plaintiff next raises a claim for wrongful foreclosure against only MERS, GMAC and

15   Deustche Bank.  According to plaintiff, defendants Deustche Bank, MERS and GMAC were not the

16   proper parties to authorize, initiate and conduct the foreclosure sale.  TAC ¶ 42.  Plaintiff alleges

17   that the notice of default only provides contact information for MERS care of ETS Service, LLC.

18   TAC Ex. E.  Plaintiff appears to be making an argument that because ETS is neither the mortgagee

19   or the beneficiary, plaintiff is being deprived of the right to know the beneficiary making the

20   foreclosure wrongful.  *Id.* ¶ 43.

21       An analysis of wrongful foreclosure begins with the question of whether the notice of default

22   was defective.  Section 2924 sets forth the requirements for notices of default, including that they

23   contain (a) a statement identifying the mortgage or deed of trust by stating the name or names of the

24   trustor or trustors and giving the book and page, or instrument number, if applicable, where the

25   mortgage or deed of trust is recorded or a description of the mortgaged or trust property; (b) a

26   statement that a breach of the obligation for which the mortgage or transfer in trust is security has

27   occurred; (c) a statement setting forth the nature of each breach actually known to the beneficiary;

28   and (4) his or her election to sell or cause to be sold the property to satisfy that obligation and any

United States District Court
For the Northern District of California

other obligation secured by the deed of trust or mortgage that is in default.  Cal. Civ. Code § 2924(a)(1)(A)-(C).  The notice of default provides notice to plaintiff, along with the required statement identifying the mortgage, stating the breach has occurred along with the nature of the breach.  TAC Ex. E.  The declaration further provides a statement regarding the beneficiary's election to sell or cause to be sold the property to satisfy the obligation.  *Id*.  The information appears complete, and, plaintiff fails to allege facts showing that the notice of default was defective.

Plaintiff's allegations fail to specify the subsection of § 2924 that defendants allegedly violated.  Plaintiff makes the broad generalization that defendants violated section 2924 through 2924(k).  TAC ¶ 39.  Plaintiff raises the argument that no proper chain of assignment of the note can be demonstrated and therefore the foreclosure is improper and fails to meet the requirements of section 2924.  *Id*. at ¶ 45.  According to plaintiff, any substitution of trustee was null and void and therefore the foreclosure proceedings were defective and wrongful.  *Id*. at ¶ 46-48.

Under a claim for wrongful foreclosure, a plaintiff  must allege a credible tender of the amount of the secured debt to maintain any cause of action.  *See Abdallah v. United Savings Bank*, 43 Cal. App. 4th 1101, 1109 (Ct. App. 1996).  It is settled that an action to set aside a trustee's sale for irregularities in sale, notice, or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security.  *Brittain v. IndyMac Bank, FSB*,  2009 WL 2997394, 1 (N.D. Cal. 2009). Sept. 16, 2009)(citing *Arnolds Management Corp. v. Eischen*, 158 Cal.App.3d 575, 578 (Ct.App.1984).  However, plaintiff omits any offer from his pleadings.  Plaintiff makes no allegation of the ability to make such a tender or that such a tender has been made.

Plaintiff's claim for wrongful foreclosure rests on his assertion that defendants wrongfully conducted the foreclosure of the Property.  However, "[a]n action for the tort of wrongful foreclosure will lie [only] if the trustor or mortgagor can establish that at the time the power of sale was exercised or the foreclosure occurred, no breach of condition or failure of performance existed on the mortgagor's or trustor's part which would have authorized the foreclosure or exercise of the power of sale." *Collins v. Union Federal Sav. & Loan Ass'n*, 99 Nev. 284, 662 P.2d 610, 623 (Nev. 1983).  However, plaintiff is unable to assert that no breach of performance occurred.  Without such

**United States District Court**
For the Northern District of California

an assertion plaintiff is unable to raise a wrongful foreclosure claim. *Id.* Therefore, plaintiff fails to meet his burden in pleading a claim for wrongful foreclosure, and the presumption is that defendants had a right to foreclose. *Ernestberg v. Mortgage Investors Group*, 2009 WL 160241, 6 (D.Nev. 2009).

Defendants GMAC and MERS also argue that the claim cannot apply to them because neither were involved as the original lenders. GMAC was only a servicer and MERS only a former beneficiary under the Deed of Trust. Mot. at 4. As discussed above, in a deed of trust, the beneficiary has the right to instigate non-judicial foreclosure. It makes no difference that it may be unclear who gave authority to record the Notice of Default. There appears to be no requirement under section 2924 that the actual beneficiary step forward and be known. In the absence of any legal requirement with respect to the procession of the original promissory note prior to a nonjudicial foreclosure, plaintiff's theory for wrongful foreclosure is without merit. Therefore, plaintiff's wrongful foreclosure claim is dismissed with prejudice.

### C.    Civil Conspiracy and Fraud

The required elements of a claim for civil conspiracy under California law are (1) the formation and operation of the conspiracy, (2) wrongful conduct in furtherance of the conspiracy, and (3) damages arising from the wrongful conduct. 3 *Kidron v. Movie Acquisition Corp.*, 40 Cal. App. 4th 1571, 1581 (1995).

Under California law, civil conspiracy, unlike criminal conspiracy, "is not an independent tort." *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 510-511 (2004). Civil "conspiracy itself is not actionable without a wrong." *Okun v. Superior Court*, 29 Cal. 3d 442, 454 (1981); *see also Sebastian Intern., Inc. v. Russolillo*, 162 F. Supp. 2d 1198, 1207 (2001). In *Okun*, the California Supreme Court dismissed a claim for civil conspiracy when the plaintiff failed to state a claim for any underlying tort. *Okun*, 29 Cal. 3d at 454. None of plaintiff's causes of action in the TAC states a valid tort claim. Because Roque's civil conspiracy allegations are only considered in the context of Roque's tort claims, there is no separate and distinct tort cause of action for civil conspiracy. *Entm't Research Group, Inc. v. Genesis Creative Group, Inc.*, 122 F.3d 1211, 1228 (9th Cir. 1997). Thus plaintiff's cause of action, for civil conspiracy fails.

1   Defendant SunTrust further argues Roque's claim for civil conspiracy fails to allege any facts

2   showing SunTrust participated in a conspiracy.  SunTrust's Mot. at 8-9.  Likewise, GMAC and

3   MERS raise attacks arguing that Roque's complaint alleging that defendants did "everything possible

4   to hide the true beneficiary" and "acted in concert pursuant to a plan" does not satisfy the specificity

5   required for a conspiracy pleading.  GMAC's Mot. at 9-10.

6   Plaintiff generally pleads that defendants engaged in a "pattern of unlawful and fraudulent or

7   unfair predatory lending practices."  TAC ¶ 16.  In an attempt to remedy its deficient complaint,

8   plaintiff raises a specific claim for fraud in its opposition papers.  Opp. to Mot. to Dismiss.  In order

9   to state a claim for fraud, plaintiff must plead the following elements with specificity: (1) false

10  representation as to a material fact; (2) knowledge of falsity; (3) intent to defraud; (4) justifiable

11  reliance and resulting damages.  *Wilhelm v. Pray, Prince, Williams & Russell,* 186 Cal.App.3d 1324,

12  1332 (1986).  Given the nature of a fraud claim as a serious attack upon a defendant's character, such

13  actions require a strict pleading standard and liberal construction will not be invoked to sustain a

14  pleading defective in any material respect.  *Stansfield v. Starkey,* 220 Cal. App. 3d 59, 73 (2d Dist.

15  1990).  Under this standard, plaintiff's fraud claim fails to plead the particularity required by Rule

16  9(b).  Rule 9(b) "requires the identification of the circumstances constituting fraud so that the

17  defendant can prepare an adequate answer from the allegations." *Odom v. Microsoft Corp.*, 486 F.3d

18  541, 553 (9th Cir. 2007).  Plaintiff must include particularized allegations regarding the time, place,

19  and nature of the alleged fraudulent activities, "mere conclusory allegations of fraud are

20  insufficient."  *In re Glenfed, Inc. Securities Litigation*, 42 F.3d 1541, 1547-48 (9th Cir. 1994).  A

21  court may dismiss a claim grounded in fraud when its allegations fail to satisfy Rule 9(b)'s

22  heightened pleading requirements."  *Vess v. Ciba-Geigy Corp, USA*, 317 F.3d 1097, 1107 (9th Cir.

23  2003).  Here, plaintiff merely raises conclusory allegations and fails to include statements regarding

24  the place and nature of any of the defendants' purported fraudulent activities.

25  Rule 9(b) "does not allow a complaint to merely lump multiple defendants together but

26  require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and

27  inform each defendant separately of the allegations surrounding his alleged participation in the

28  fraud." *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007).  In its opposition papers

United States District Court
For the Northern District of California

1    plaintiff uses blanket assertions against all defendants.  As defendants GMAC and MERS point out,

2    at some points the allegations only involve the loan transaction.  TAC ¶ 53.  GMAC and MERS

3    were never involved in the lending.  Similarly, SunTrust argues that plaintiff's allegations at times

4    only involve the foreclosure in which SunTrust was not involved.  Roque has not provided the detail

5    required to apprise defendants of the fraudulent conduct for which they each are charged.  Given the

6    general nature of the allegations for this claim in both plaintiff's complaint and his opposition papers

7    it is difficult to attribute to specific defendants the fraud allegations.  Accordingly, plaintiff's claim

8    for civil conspiracy is dismissed with prejudice.

9            **D.    Quiet Title**

10            California courts apply the same tender rule to quiet title that applies in a wrongful

11    foreclosure action. *Lopez v. Chase Home Finance*, LLC  2009 WL 1120318, 3 (E.D.Cal. 2009). *See*

12    *also Karlsen v. Am. Sav. & Loan Ass'n*, 15 Cal. App. 3d 112, 117 (Cal Ct. App. 1971); *Arnolds*

13    *Mgmt. Corp. v. Eischen*, 158 Cal. App. 3d 575, 578 (Cal. Ct. App. 1984).  The borrower must make

14    a valid and viable tender of payment of the secured debt as a precondition to challenging a

15    foreclosure sale. *Copsey v. Sacramento Bank*, 133 Cal. 659, 661-662 (Cal. 1901).  "A valid and

16    viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale

17    under a deed of trust." *Karlsen* 15 Cal. App. 3d at 117.  Here, plaintiff has not tendered payment nor

18    alleged an offer of tender of the full amount of the obligation owed on the mortgage.  Moreover,

19    plaintiff has not alleged facts indicating that equitable circumstances exist such that tender should

20    not be required.  *Humboldt Sav. Bank v. McCleverty*, 161 Cal. 285, 291, 119 P. 82 (1911).

21            California Code of Civil Procedure section 760.020 requires that a "verified" complaint for a

22    quiet title action include: (1) a legal description and street address of the subject real property; (2)

23    the title of plaintiff as to which determination is sought and the basis of the title; (3) the adverse

24    claims to the title of the plaintiff against which a determination is sought; (4) the date as of which

25    the determination is sought; and (5) a prayer for the determination of the title of the plaintiff against

26    the adverse claims. C.C.P. 761.020(a)-(d).

27            Plaintiff's quiet title claim is not adequately pled and merely duplicates facts alleged in the

28    second and third causes of action.  Defendants GMAC and MERS argue that since neither holds any

interest in the property, given that all interest has been transferred to Deutsch Bank, they should not be subject to this claim.  GMAC's Mot. at 13.  Plaintiff's cause of action for quiet title fails to plead a legal description of the property, the basis of his title to the property, or the date as of which a determination is sought.  Plaintiff fails to sufficiently state a cause of action for any wrongful conduct by defendants and has not alleged facts that, if true, would show that defendants do not have the right to foreclose on his property.

### III.  ORDER

For the reasons stated above, the court grants the motions to dismiss as to all claims with prejudice. Plaintiff has had ample opportunity to successfully plead a case and has not done so.

DATED:_____2/9/10_____

RONALD M. WHYTE
United States District Judge

United States District Court
For the Northern District of California

ORDER GRANTING MOTIONS TO DISMISS
No. C-09-00040 RMW
AKT

10

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

Reuben Lagbao Nocos                    rlnocos@nocoslaw.com

**Counsel for Defendants:**

Harold R. Jones                        hrj@severson.com
John B. Sullivan                       jbs@severson.com
Regina Jill McClendon , Esq.           rjm@severson.com
Reuben Lagbao Nocos                    rlnocos@nocoslaw.com
Glenn Harlan Wechsler                  glenn@glennwechsler.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**    2/10/10                              CCL
                                        **Chambers of Judge Whyte**

ORDER GRANTING MOTIONS TO DISMISS
No. C-09-00040 RMW
AKT                                       11